CLD-036                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3173
_____

ANNUR HASHIM BEY,
                              Appellant

v.

CITY OF PHILADELPHIA; THE JURY COMMISSION;
DANIEL RENDIEN, JURY COMMISSION;
JUANITA KIDD STOUT, TITLE UNKNOWN

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-14-cv-03411)
District Judge:  Honorable William H. Yohn, Jr.

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 14, 2014
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Opinion filed: November 25, 2014 )
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Annur Hashim Bey, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his claim with prejudice. For the reasons set forth below, we will summarily affirm.

I.

In May 2014, the Philadelphia Court of Common Pleas summoned Bey for jury duty. Bey replied with a letter requesting an exemption based on his religious beliefs and political views, relying on the First Amendment's Free Exercise Clause. The Jury Selection Commission denied his request and noted that he could raise his objections when he appeared for jury duty. The Jury Selection Commission also warned Bey that "[f]ailure to obey this summons is punishable by fine and/or imprisonment."

On June 9, 2014, the day before his scheduled jury service, Bey filed this lawsuit, alleging that the defendants violated his free exercise rights. Bey sought compensation and permanent removal from the jury selection process. After granting Bey's request to proceed in forma pauperis, the District Court screened his complaint pursuant to 28 U.S.C. § 1915. The District Court then dismissed the case because Bey's claim was invalid under current law and could not be cured by amendment. Bey timely appealed.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal order is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

2

We will summarily affirm the District Court's dismissal order because this appeal does not present a substantial question.  See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

The District Court held that Bey's free exercise claim failed under Employment Division v. Smith, 494 U.S. 872, 879 (1990).  We agree.  Bey offers no basis to conclude that Pennsylvania's jury service laws are anything but "valid and neutral law[s] of general applicability" rationally related to a legitimate government objective.  Id.; see also Combs v. Homer-Ctr. Sch. Dist., 540 F.3d 231, 241-43 (3d Cir. 2008).  Rather, Bey's claim is precisely the kind of "religious exemption[] from civic obligations" rejected in Employment Division v. Smith.  494 U.S. at 888-89.  Because Bey's claim is legally invalid under Supreme Court precedent, the District Court correctly concluded that amendment would be futile.  See Travelers Indem. Co. v. Dammann & Co., 594 F.3d 238, 243 (3d Cir. 2010) ("Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." (internal quotation marks omitted)).  Therefore, the District Court did not err in dismissing Bey's complaint without leave to amend.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

III.

There being no substantial question presented on appeal, we will summarily affirm.